## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**ANTONIO BRANDON WILSON, #187047**                                      **PLAINTIFF**

**v.**                                                          **CIVIL NO. 5:24-cv-121-DCB-LGI**

**LANCE FALVEY, BRANDI DEMOLL,**
**and PIKE COUNTY, MISSISSIPPI**                                        **DEFENDANTS**

### REPORT AND RECOMMENDATION

This case is before the Court on Defendant Pike County's Motion for Partial Summary Judgment [50] based on Plaintiff's lack of a physical injury and for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act. For the reasons below, the undersigned recommends that Pike County's Motion [50] be granted.

### I.  BACKGROUND

Pro se Plaintiff Antonio Brandon Wilson ("Plaintiff") is a post-conviction inmate incarcerated by the Mississippi Department of Corrections ("MDOC"). Plaintiff is proceeding *in forma pauperis*, subject to the Prison Litigation Reform Act, and he brings this suit under 42 U.S.C. § 1983. *See* Pl.'s Compl. [1]; Order [12]. The named Defendants are Pike County, Mississippi; Lance Falvey, a detective with the Pike County Sheriff's Department; and Brandi Demoll, a detective with the Pike County Sheriff's Department.

Plaintiff was housed at the Pike County Jail from August 20, 2024, to December 6, 2024. Pl.'s Resp. [18] at 1. On November 15, 2024, Plaintiff filed this

§ 1983 suit, complaining, in part, about the conditions-of-his-confinement at the Pike County Jail.  Plaintiff alleged that Pike County subjected him to cruel and unusual punishment because the Pike County Jail is "a condemn[n]ed and unsafe environment."  *Id*. at 1 (quote); *see also* Order [20] (replacing Defendants Pike County Board of Supervisors and Pike County S.O. with Pike County).

On May 14, 2025, the undersigned conducted an Omnibus Hearing under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny.[1]  At this hearing, Plaintiff testified about his claims and clarified his allegations.  *See* Tr. [55].

Plaintiff testified that the jail conditions were "horrible" because wires were hanging out of broken light fixtures, the cell doors did not close, there was black mold in the shower, and the jail was overcrowded.  Tr. [55] at 25:6–17; 26:3–4. Plaintiff testified that inmates were sleeping on the floor, and three to four inmates were housed in a four-man cell.  *Id*. at 25:12–14.  When asked to explain why he claimed the jail was "condemned," Plaintiff testified that he believed the Fire Marshal said the jail was overcrowded and required the removal of some inmates. *Id*. at 26:21–25; 27:1–7.   Plaintiff also testified that he did not suffer an injury because of any of the conditions at the Pike County Jail.  *Id*. at 26:10–13.

Defendant Pike County seeks summary judgment, arguing Plaintiff failed to properly exhaust his available administrative remedies for claims against the

---

[1] *See Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a pro se plaintiff to provide a "more definite statement"), abrogated on other grounds by *Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

County and because Plaintiff fails to meet the physical injury requirement of the

PLRA. *See* Defs.' Mem. in Supp. [51]; Defs.' Mot. Summ. J. [50].[2]  Plaintiff did not

respond to Pike County's Motion and the time for doing so has expired.  The Motion

[50] is ripe for a decision.

## II.  ANALYSIS

A.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law."  Fed. R. Civ. P. 56(a).  All facts and inferences are construed in the

light most favorable to the non-moving party, *see Dillon v. Rogers*, 596 F.3d 260, 266

(5th Cir. 2010), "but conclusional allegations and unsubstantiated assertions may

not be relied on as evidence by the nonmoving party."  *Carnaby v. City of Houston*,

636 F.3d 183, 187 (5th Cir. 2011).  "If the dispositive issue is one on which the

nonmoving party will bear the burden of proof at trial, the moving party may satisfy

its burden by merely pointing out that the evidence in the record contains

insufficient proof concerning an essential element of the nonmoving party's claim."

*Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412

---

[2] In its Motion [50], Pike County asserts that Plaintiff failed to exhaust his administrative remedies as required by the PLRA and in its accompanying Memorandum in Support [51], Pike County also argues that Plaintiff cannot demonstrate a physical injury as required by the PLRA.  When considering summary judgment, "Rule 56 clearly permits a court to consider the whole record, and not just the portion highlighted by the motion itself."  *U.S. v. Houston Pipeline Co.*, 37 F.3d 224, 227 (5th Cir. 1994) (internal quotation marks and citations omitted) ("the district judge is not compelled to limit the basis for a summary judgment to those facts listed in the motion for summary judgment"); *see also United States v. Jeby Health Care Servs, Inc.*, No. 3:21-cv-304, 2022 WL 19039613, *1 (S.D. Tex. Dec. 12, 2022) ("The court may grant summary judgment on any ground supported by the record, even if the ground is not raised by the movant.").

(5th Cir. 2008) (citing *Celotex Corp v. Catrett,* 477 U.S. 317, 322 (1986)).  "The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue exists for trial."  *Id.* (citations omitted).

These same summary-judgment rules apply to pro se parties.  While the Court will liberally construe pro se arguments, a pro se nonmovant must offer evidence showing a genuine issue of material fact to defeat a motion for summary judgment.  *Baughman v. Seale,* 761 F. App'x 371, 378 (5th Cir. 2019).  Lastly, the Court considers Plaintiff's sworn testimony at the Omnibus Hearing to be competent summary judgment evidence.  *Evans v. Mississippi,* No. 2:11-cv-2, 2012 WL 4480731, at *4 n.3 (S. D. Miss. Sept. 29, 2012) ("[T]he Court considers [Plaintiff's] sworn testimony at the *Spears* hearing to be competent summary judgment evidence."); *see Falcon v. Holly,* 480 F. App'x 325, 326 (5th Cir. 2012) (concluding that "sworn testimony at [a] Spears hearing [is] also relevant to the court's summary judgment review").

B. Discussion

Defendant Pike County asserts that Plaintiff suffered no physical injury as a result of the alleged conditions at the Pike County Jail, thus Plaintiff's claims related to the conditions at the jail fail as a matter of law.  Defs.' Mem. in Supp. [51] at 4–5. The PLRA's physical injury requirement provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

4

42 U.S.C. § 1997e(e);  *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (finding inmate's bruised ear did not qualify as sufficient physical injury under § 1997e(e)).

At the hearing, when inquiring about Plaintiff's claims against Pike County, the undersigned directly asked Plaintiff, "Are you claiming that you suffered injury as a result of any of the conditions at the Pike County Jail?" Tr. [55] at 26:10-12. Plaintiff responded, "No, ma'am, I didn't – no, ma'am." *Id*. at 26:13.

Plaintiff is not claiming a physical injury resulting from the conditions at the Pike County Jail.  This is undisputed.  Thus, the PLRA bars Plaintiff's recovery of money damages for the alleged conditions at the Pike County Jail.  *See Herman v. Holiday*, 238 F.3d 660, 666 (5th Cir. 2001)("Herman is not entitled to money damages for physical injury as he has failed to allege such an injury, and as a result of failing to so allege, pursuant to § 1997e(e) and our own precedent, Herman is likewise not entitled to money damages for [ ] mental and emotional stress . . . ."); *Hardemon v. Sims*, No.3:06-cv-297, 2006 WL 2668871, at *2 (N.D. Tex. Sept. 13, 2006) ("Because Plaintiff did not suffer any physical injury as a result of the alleged conditions of confinement at the Hunt County Jail, § 1997e(e) bars his request for monetary damages.").

Additionally, Plaintiff does not seek injunctive relief regarding the jail conditions, nor would he be able to.  Plaintiff has not been housed at the Pike County Jail since December 6, 2024.  "A claim for declaratory and injunctive relief based on conditions of confinement is rendered moot upon the prisoner's release or

transfer from the facility." *Smith v. City of Tupelo*, 281 F. App'x 279, 282 (5th Cir. 2008).  Thus, any claim by Plaintiff for declaratory or injunctive relief related to his former jail conditions is moot.

Defendant Pike County is entitled to judgment as a matter of law.  The undersigned finds it unnecessary to consider Pike County's assertions regarding Plaintiff's failure to exhaust his administrative remedies.  Even if Plaintiff's claims against Pike County are fully exhausted, they remain barred by the physical injury requirement of the PLRA. 42 U.S.C. § 1997e(e).

C.  Conclusion

Plaintiff testified under oath that he suffered no physical injury because of the claimed conditions at the Pike County Jail, thus barring any recovery for money damages under the PLRA.  Plaintiff is no longer housed at the Pike County Jail, and any request for injunctive or declaratory relief related to the conditions at the jail are moot.  For these reasons, the undersigned recommends that Defendant Pike County's Motion for Partial Summary Judgment [50] be granted.

## III.  RECOMMENDATION

The undersigned recommends that Defendant Pike County's Motion for Partial Summary Judgment [50] be GRANTED and Plaintiff's jail conditions claims against Pike County should be dismissed with prejudice.

## IV.  NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party may serve and file written objections to the recommendations, with a copy to the United States District

Judge, the Magistrate Judge, and the opposing party, within fourteen days after being served a copy of this recommendation.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained within this report and recommendation will bar that party from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court, except on the grounds of plain error.  *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

Respectfully submitted, this, the 26th day of May, 2026.

s/ *LaKeysha Greer Isaac*
UNITED STATES MAGISTRATE JUDGE